Leroy X. P. COLEMAN, Plaintiff,

v.

DISTRICT OF COLUMBIA COMMIS-
SIONERS et al., Defendants.

Carl T. X. GIBSON, Plaintiff,

v.

Donald CLEMMER et al., Defendants.

Clarence R. X. MITCHELL, Plaintiff,

v.

UNITED STATES CONGRESS et al.,
Defendants.

Civ. A. Nos. 3007–M, 3009–M, 3064–M.

United States District Court
E. D. Virginia,
at Alexandria.

Oct. 8, 1964.

Fred C. Alexander, Jr., Edward Se-
monian, Jr., Alexandria, Va., for plain-
tiffs.

Chester H. Gray, Corp. Counsel, Dis-
trict of Columbia, John A. Earnest, Bruce
S. Mencher and James M. Cashman, Asst.
Corp. Counsel, Washington, D. C., and
Plato Cacheris, First Asst. U. S. Atty.,
Alexandria, Va., for defendants.

LEWIS, District Judge.

Counsel were appointed to represent
the petitioners in the above-styled mat-
ters. The cases were consolidated for
hearing but were considered and deter-
mined as separate actions.

The complaint of Leroy X. P. Coleman,.
Civil Action No. 3007–M, was non-suited
—he having been released at the normal.
termination of his sentence.

Congress was not before the Court.
Service of process was not had upon Wal-
ter N. Tobriner, one of the Commission-
ers of the District of Columbia. The pe-
titioners consented to the dismissal of
Harold H. Greene as a party defendant.
He was so dismissed.

Carl T. X. Gibson claimed he was de-
nied the right to purchase a book by J.
A. Rogers entitled Africa's Gift to Amer-
ica and to subscribe to a publication
known as Muhammad Speaks. The de-
fendants having announced in open court.

that Gibson and all other inmates similarly situated may now receive these publications, the petition of Carl T. X. Gibson was dismissed.

The petition of Clarence R. X. Mitchell was heard. He claims to be a member of the Muslim faith. He alleges discrimination in the practice of his religion. He claims he is entitled to receive outside ministration to the same extent as that granted to inmates of other religious persuasions—that the defendants have failed to provide the Muslim inmates with sufficient copies of the Koran to permit them to properly pursue and study their religion—and that the defendants have failed to provide the Muslims with religious medals to the same extent as books and medals are provided to inmates of other religions.

The defendants admit the Letter of Assurances, as given to the United States Court of Appeals for the Fourth Circuit in Sewell v. Pegelow, 304 F.2d 670, is applicable at the Lorton Reformatory. They say they have done more than is required by that document.

The burden is upon the petitioner to prove the discrimination charged and the breach of the Letter of Assurances. That he has failed to do. He is not entitled to have an outside Muslim minister of his own choosing visit him at will. Neither is he entitled to a free copy of the Koran or other Muslim periodicals, or medals. He may counsel with the Muslim minister or leader at designated times and places fixed by the Superintendent of the institution, and may secure a copy of the Koran or other Muslim periodicals or medals on the same basis as other inmates obtain their religious books and medals.

The practice of his religion (Muslim) is now permitted at the Lorton Reformatory in accordance with the Letter of Assurances. The petitioner has not been denied any of the privileges enumerated therein.

This Court has recently held in Banks et al. v. Havener, 234 F.Supp. 27, that the practice of religious freedom in a penal institution is not absolute—it is subject to rules and regulations necessary to the safety of the prisoners and the orderly functioning of the institution. This holding is equally applicable to the Lorton Reformatory. The petitioner has failed to show that the rules and regulations limiting the practice of the Muslim religion at the Lorton Reformatory infringe upon any of his constitutional rights. His petition will be dismissed.

Adherents of the Muslim faith, or of any other religious sect, found guilty of violating established prison rules will not be heard to plead religious persecution, absent unusual circumstances.

Counsel for the defendants should forthwith prepare an order in accordance with this memorandum opinion, submit it to counsel for the plaintiffs for approval as to form, and then present it to the Court for entry.